† REED *versus* WILSON.

After pleading the general issue, no objection can be taken by the defendant, to the non-joinder of his joint co-promisor.

An *indorsee* of a witnessed note, made *before* the passage of the Act of 1838, c. 343, may maintain an action *after* that Act was passed, although more than six years elapsed between the date of the note and the commencement of the suit.

Of the burden of proof.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT.

This suit, commenced in August, 1853, is brought upon three notes of hand, dated May 25, 1835, running to one Springer, and by him indorsed.

The defendant is sued alone, but it is alleged in the writ that the notes were signed by defendant and one Babcock *jointly;* and that Babcock since the date of the notes, and before this suit was commenced, was decreed a bankrupt under the laws of the United States.

Defendant pleaded the general issue, and relied upon the statute of limitations.

No testimony of the bankruptcy of Babcock was presented. The notes purported to be witnessed; and evidence tending to show that the witness was out of the State, and the genuineness of his signature was produced, as also rebutting testimony that they were not witnessed at the time of their execution.

The defendant requested these instructions:—that from the want of all evidence as to the bankruptcy of Babcock, the plaintiff is not entitled to recover because the action was not brought against both promisors, the note appearing to be *joint;* and that the statute of limitations of 1821, governed the case as the action was in the name of the indorsee.

These instructions were not given.

The defendant also contended, that upon the testimony

the burden of proof was upon the plaintiff to show that the notes were duly witnessed; and the Court instructed the jury that such was his duty, and if he had proved the subscribing witness to be out of the State, and that his signature was genuine, that was sufficient until the contrary appeared.

The verdict was for plaintiff, and defendant excepted.

*Peters*, for defendant.

That the non-joinder of the *joint* promisors should defeat the action, cited *Harwood* v. *Roberts*, 5 Maine, 442; Greenl. Ev. vol. 2, § 133, and same § 25.

He also insisted that the limitation Act of 1821, governed this case. That the instructions given were not sound, he cited *Powers* v. *Russell*, 13 Pick. 69.

*W. C. Crosby*, for plaintiff, cited *Robinson* v. *Robinson*, 1 Fair. 240; *Fogg* v. *Virgin*, 19 Maine, 352; *Quimby* v. *Buswell*, 16 Maine, 470.

RICE, J. — Assumpsit upon three notes of hand, dated May 25, 1835, signed by the defendant jointly with Jotham Babcock, now alive, and running to one Springer, and by him indorsed. In the plaintiff's declaration, it is alleged that Babcock had been *decreed* a bankrupt.

The defendant pleaded the general issue with a brief statement, setting up in defence the statute of limitations.

Under the general issue, the defendant claims to avail himself of the non-joinder of Babcock. In this he was overruled by the presiding Judge.

If any person be omitted as defendant, who ought to be joined, in any action founded on a joint contract, whether on a specialty or not, the objection can only be taken advantage of by plea in abatement. 1 Saund. 291, b, note 4; *Mitchell* v. *Tarbut*, 5 T. R. 651; *Wright* v. *Hunter*, 1 East, 20; *Robinson* v. *Robinson*, 1 Fairf. 240; *Trustees of Ministerial and School Fund in Dutton* v. *Kendrick*, 3 Fairf. 381. And though the joint obligation be in writing, and the declaration show it to have been made by a party

not joined, it is no variance at the trial. 1 Saund. Pl. 11; *Mountstephen* v. *Brooke*, 1 B. & A. 224; *South* v. *Tanner*, 2 Taunt. 254.

The defect in this case, being apparent upon the record, the defendant might have availed himself of its existence by motion, as well as by plea in abatement. *Chamberlain* v. *Lake*, 36 Maine, 388. But the motion must be filed within the time allowed for pleas in abatement, otherwise it will be overruled. *Nickerson* v. *Nickerson*, 36 Maine, 417. By pleading the general issue, the defendant must be held to have waived all objection to the non-joinder of his co-promisor.

The statute of limitations of 1821, did not apply to this case. The action was commenced after the passage of the Act of 1838, c. 343, and falls under the provisions of that statute. *Quimby* v. *Buzzell*, 16 Maine, 470.

The instruction of the Court, "that the burden of proof was upon the plaintiff to prove that the notes were duly witnessed, and that if he had proved the subscribing witness to be out of the State, and that his signature was genuine, that was sufficient until the contrary appeared," was not erroneous. It was tantamount to saying, that by proof of the genuineness of the signatures to the note, the plaintiff had made a *prima facie* case, sufficient, in the absence of other testimony, to authorize a verdict in his favor. This was right.                    *Exceptions overruled.*

*Judgment on the verdict.*